1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                Case No. 20-cr-02909-BAS

12                          Plaintiff,

13        v.                                  **ORDER GRANTING MOTION TO
                                               REDUCE SENTENCE**
14   MONIA CAPANNI BARRETO,                    **(ECF No. 80)**

15                          Defendant.

16

17        On April 3, 2022, this Court sentenced Defendant Monia Capanni Barreto to 37

18   months in custody.  (ECF No. 75.)  After a change in the U.S. Sentencing Guidelines

19   (U.S.S.G.) that was to be applied retroactively, Defendant filed this Motion to Correct

20   Sentence Based on the Retroactive of Criminal History Category U.S.S.G. Section 1B1.10.

21   (ECF No. 80.)  For the reasons stated below, the Court **GRANTS** this Motion and reduces

22   Defendant's sentence to 30 months in custody.

23        Defendant pled guilty to importing methamphetamine.  (ECF No. 65.)  The

24   Government agreed with the Government that Defendant's base offense level was a 27, her

25   criminal history score was a 0, and therefore, her guideline range was 70–87 months.  (ECF

26   No. 66.) At sentencing, at the recommendation of the Government, the Court departed

27   downward four levels for "fast track" and an additional two levels because Defendant

28   waived her speedy trial rights during the judicial emergency created by COVID-19.  (ECF

1  No. 66.)  This brought Defendant's base offense level down to 21, and her guideline range
2  down to 37–46 months.  The Court sentenced Defendant to the low end of 37 months.
3  (ECF No. 75.)

4       The U.S. Sentencing Commission adopted amendments to the U.S.S.G., which
5  were submitted to Congress and became effective November 1, 2023.  *See* Sentencing
6  Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G.
7  Amend. 821.    Under Part B, these retroactive amendments added an "Adjustment for
8  Certain Zero-Point Offenders."  U.S.S.G. § 4C1.1.  This adjustment provides for a two-
9  point decrease in the offense level for defendants who "did not receive any criminal history
10  points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

11       Since Defendant was a zero-point offender, she qualifies for this retroactive
12  guideline amendment.  Applying the amendment, Defendant's base offense level would
13  have been reduced an additional two points to a 19, and her guideline range would have
14  been 30–37 months.  Thus, the Court resentences Defendant to the low end of this newly
15  calculated guideline range to 30 months in custody.

### CONCLUSION

17       For the reasons stated above, the Court GRANTS Defendant's Motion to Correct
18  Sentence (ECF No. 80.)  Defendant is resentenced to 30 months in custody.  All conditions
19  of supervised release, fines and special assessments remain the same.

20       **IT IS SO ORDERED.**

22  **DATED: February 28, 2024**

Hon. Cynthia Bashant
United States District Judge

20cr2909